UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Timothy Siegfried<br>    *Plaintiff*,<br><br>v.<br><br>High Noon Sailing, Ltd;<br>USA1200; Stephen Benjamin;<br>Helen Benjamin<br><br>    *Defendant* | CIVIL ACTION NO: 1:17-cv-293<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

### I.     INTRODUCTION

1. This is an action brought by Timothy Siegfried, ("Plaintiff") against Defendants, High Noon Sailing, Ltd. ("High Noon"), USA1200, Stephen Benjamin, and Helen Benjamin arising from Defendants' failure to lawfully pay Plaintiff wages for his work.

2. Plaintiff regularly and consistently worked more than forty hours per week in Defendants' real estate and sailing enterprise.

3. Plaintiff was never paid any wages for hours worked in excess of forty (40) hours per week.

4. Plaintiff was not paid a premium rate for overtime hours as required by law.

5. Plaintiff was never paid a premium rate for hours worked on Sundays and legal holidays. as required by law.

6. Plaintiff was not paid certain performance bonuses that were agreed upon by the parties.

7. Plaintiff alleges violations of the overtime and minimum provisions of the federal Fair

Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Rhode Island Minimum Wage Act, R.I. Gen. Law §28-12-1, *et seq.* ("RIMWA").

8. Plaintiff alleges he was misclassified as an independent contractor but was actually an Employee of Defendant.

9. Plaintiff seeks his unpaid wages, overtime, Sunday and holiday wages, liquidated damages pursuant to the FLSA, liquidated and compensatory damages pursuant to RIMWA, contractual damages, and reasonable attorneys' fees, costs, and interest pursuant to FLSA and RIMWA.

10. Plaintiff alleges that Defendant breached the parties employment contract by failing to pay certain performance bonuses owed to Plaintiff.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

12. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

14. Plaintiff is a citizen of New Jersey.

15. At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), by the RIMWA, §28-12-2(5), and by R. I. Gen. Law § 28-14-1(2).

16. At all times relevant to the Complaint, Defendants were employers of Plaintiff as that term is defined by the FLSA, 29 U.S.C. §203(d), by the RIMWA, §§28-12-2(6), and by R.I. Gen. Law § 28-14-1(3).

17. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C.A. §203(b),(s)(1).

18. Defendant High Noon is a Domestic Profit Corporation registered in the State of Rhode Island and engaged in the business of chartering and operating sailing vessels and power boats, purchasing, leasing, renting or otherwise transacting in real estate in Rhode Island, Connecticut, Florida, North Carolina and elsewhere.

19. Defendant USA1200 is a fictitious name filed with the Rhode Island Secretary of State under the corporate filing of High Noon Sailing, Ltd.

20. Helen Benjamin is the President of High Noon.

21. Stephen Benjamin is the Vice-President of High Noon.

22. The registered agent of High Noon is Parasearch, Inc., 222 Jefferson Boulevard, Warwick, RI 02888.

## IV. STATEMENT OF FACTS

23. In April 2013, Plaintiff began working for Defendants.

24. In 2013, Plaintiff and Defendants entered into an employment contract, which was negotiated between Plaintiff and Stephen Benjamin.

25. Plaintiff and Defendants agreed upon compensation in the amount of $1678.56 per week, which included a base salary of $1,200, a draw amount of $374.40 and a car allowance of

$104.17.

26. Plaintiff and Defendants arrived at the base salary of $1,200 by assuming $30/hour for forty (40) hours per week.

27. In addition to his salary, Defendant High Noon was to pay to Plaintiff a performance bonus of ten percent (10%) of profits on "short term flips".

28. In addition to his salary, Defendant High Noon was to pay to Plaintiff a performance bonus of ten percent (10%) of profits on "rental property management".

29. For the entire time Plaintiff worked for Defendants, Plaintiff worked seven (7) days per week from approximately 6:00AM until approximately 10:00PM. He enjoyed a one-hour lunch break. This schedule amounts to a total of 105 hours per week.

30. At other times, between 10:00PM and 6:00AM, Plaintiff was on-call and routinely answered phone calls and emails.

31. Regardless of how many hours Plaintiff worked, Plaintiff was never paid more than his base salary, his draw and his car allowance.

32. Plaintiff is entitled to compensation for 65 hours per week at a rate of $45/hour, one and a half times his hourly rate, or $2,925 per week.

33. Plaintiff worked for Defendant for 177 weeks.

34. Plaintiff performed a wide variety of duties including cleaning, landscaping, managing the company's website and Internet presence, coordinating the renting of investment properties, organizing events and parties, and managing independent contractors such as general contractors and others performing work on the properties.

35. Stephen Benjamin either dictated tasks for Plaintiff to complete or entered tasks for Plaintiff to complete into a task management system called "Asana".

36. Prior to the use of Asana, Stephen Benjamin entered tasks for Plaintiff to complete into another program called "gtasks" as well as a "google doc".

37. For a period of time, at the instruction of Stephen Benjamin, Plaintiff entered his hours into a program called "T-sheets".

38. Upon information and belief, Defendants did not maintain a complete and accurate record of the hours worked by Plaintiff or wages earned by Plaintiff.

39. Sometime in 2014, Defendant Stephen Benjamin informed Plaintiff that he would be taxed as an independent contractor and issued a 1099 rather than a W-2.

40. For the entire time Plaintiff worked for Defendants, he did not work for any other entity and received no other wages or contract pay from any other source.

41. From 2013 through 2016, the rental properties generated $842,510 in income.

42. From 2013 through 2016, Plaintiff was entitled to $84,251 in performance bonuses, or 10%. For that same period, Plaintiff received $66,268 in commissions as a result of his weekly "draw".

43. Defendant owes to Plaintiff a sum of $17,983 in performance bonuses for the rental properties.

44. In October, 2016, Mr. Siegfried was injured and is now receiving worker's compensation benefits while he rehabilitates.

### V. COUNT ONE: FLSA VIOLATIONS

45. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 44.

46. As described above, Defendants failed to pay Plaintiff any wages for all hours worked above 40 hours per week.

47. Defendants' failure to pay minimum wages as required by federal law was willful,

5

inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

48. As described above, Defendants failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week, for hours worked on Sundays, and for hours worked on holidays as required by federal law.

49. Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

50. As a result of Defendants' unlawful conduct as described above, Plaintiff suffered a loss of wages.

### VI. COUNT TWO: RIMWA OVERTIME VIOLATIONS

51. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 44.

52. As described above, Defendants failed to pay Plaintiff for all hours above 40 hours per week as required by Rhode Island law.

53. Defendants' failure to pay minimum wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the RIMWA and did not do so.

54. As described above, Defendants failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week, for hours worked on Sundays, and for hours worked on holidays as required by Rhode Island law.

55. Defendants' failure to pay overtime wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the RIMWA and did not do so.

56. As a result of Defendants' unlawful conduct as described above, Plaintiff suffered a loss of wages.

## VII. COUNT THREE: BREACH OF CONTRACT

57. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 44.

58. As described above, Defendants failed to pay to Plaintiff the performance bonuses that the parties had contractually agreed to.

59. As a result of Defendant's failure to pay Plaintiff performance bonuses, Plaintiff has suffered damages.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

60. Order Defendants to pay to Plaintiff all minimum wages owed, consistent with the FLSA and RIMWA.

61. Order Defendants to pay to Plaintiff all overtime wages owed, consistent with the FLSA and RIMWA;

62. Award Plaintiff liquidated damages for all federal minimum and overtime wages owed pursuant to 29 U.S.C. §216(b);

63. Award Plaintiff compensatory liquidated damages for all Rhode Island minimum and overtime wages owed pursuant to R.I. Gen. Law §28-14-19.2(a);

64. Award Plaintiff reasonable attorneys' fees, costs and interest;

65. Award Plaintiff damages for the value of the performance bonuses.

66. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled

RESPECTFULLY SUBMITTED

Timothy Siegfried
By his attorney,

/s/Kathleen Nee

Kathleen Nee, Bar no. 9375
1 Turks Head Place, Suite 1440
Providence, RI 02903
401-453-5633
katie@neelawoffice.com