UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY SIEGFRIED, | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 17-293WES |
| | : |
| HIGH NOON SAILING, LTD., | : |
| USA 1200, STEPHEN BENJAMIN, and | : |
| HELEN BENJAMIN, | : |
|     Defendants. | : |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

At the hearing held on August 24, 2018, the Court found that the requested material is largely relevant and granted in part and denied in part Defendant's motion to compel (ECF No. 18) as follows:

**Request for Production of Documents No. 17:** Granted. Records produced in response to this request may be redacted or withheld based on the attorney client privilege or the work product doctrine, detailed on a log of such material in accordance with Fed. R. Civ. P. 26(b)(5). Access to the medical records produced in response to this request shall be limited to the attorneys of record in this litigation and their retained experts. Responsive documents must be produced no later than September 24, 2018.

**Request for Production of Documents Nos. 18 and 19:** Denied, based on Plaintiff's representation that he has no responsive documents. Accordingly, Plaintiff may not hereafter rely on documents in his custody that contain information such as would be displayed on timesheets.

**Request for Production of Documents No. 23:** Granted, except that, to reduce the burden, Plaintiff shall produce all of his postings or other activity on social media (except those on dating

apps or websites), including Facebook, for the year 2015. Plaintiff shall produce activity on dating social media, including Tinder, for the entire period requested. This ruling is without prejudice to Defendants seeking additional social media from additional time periods as originally requested, if the social media activity produced evidences activities inconsistent with work during hours that Plaintiff claims to have been working. Access to non-public documents produced in response to this request shall be limited to attorneys of record in this litigation and their retained experts. Responsive documents must be produced no later than September 24, 2018. If the parties agree, Plaintiff may comply with this request by providing Defendants with sufficient information to permit Defendants to obtain the requested records by subpoena issued to a social media platform.

**Request for Production of Documents No. 25:** Denied, based on Plaintiff's production of all available tax returns, provided that Plaintiff is ordered to supplement his response, no later than September 24, 2018, with an explanation for why returns for 2011 and 2012 are no longer available and a description of the measures taken by Plaintiff to procure them.

**Request for Production of Documents No. 29:** Granted, except that, to reduce the burden, Plaintiff must produce requested records for a six-month consecutive period during year 2015, without prejudice to Defendants seeking additional records from additional time periods as originally requested, if the records produced evidence activities inconsistent with work during hours that Plaintiff claims to have been working. The six-month period during the year 2015 will be selected by Defendants, who will notify Plaintiff of the time period no later than August 31, 2018. Plaintiff must provide the requested documents no later than thirty days after receiving notice of the date parameters from Defendants.

**Request for Production of Documents No. 52:** Granted, except that, to reduce the burden, Plaintiff must produce requested records for 2015, without prejudice to Defendants seeking additional records from additional requested time periods as originally requested, if the records produced evidence activities inconsistent with work during hours that Plaintiff claims to have been working. Emails may be redacted or withheld to shield attorney client or other privilege, as detailed on a log of such material in accordance with Fed. R. Civ. P. 26(b)(5). Emails may also be redacted to shield sensitive or intensely personal information, except that sufficient content must be reviewable to permit Defendants to understand the nature of activities planned or undertaken by Plaintiff inconsistent with the claims that he was working. Plaintiff must produce such emails on a rolling basis as soon as they are ready, with production completed no later than October 23, 2018.

**Request for Production of Documents No. 57:** Denied, in reliance on Plaintiff's admission that he lived rent-free in housing provided by Defendants, but drove a vehicle that he owned personally, and on his representation that he has no receipts reflecting expenses incurred in connection with his housing or vehicle for the time period in question, provided that Plaintiff is ordered to supplement his response, no later than September 24, 2018, setting out in detail the source of payment of expenses for his residence and vehicle.

**Request for Production of Documents No. 60:** Granted, except that, to reduce the burden, Plaintiff must produce requested records for 2015, without prejudice to Defendants seeking additional records from additional requested time periods as originally requested, if the records produced evidence activities inconsistent with work during hours that Plaintiff claims to have been working. Plaintiff must produce all requested records no later than September 24, 2018. If the parties agree, Plaintiff may comply with this request by providing Defendants with sufficient

information to permit Defendants to obtain the requested records by subpoena issued to the

relevant cell phone carrier.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 29, 2018